IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATASHA JONES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 2:22-cv-00020-ECM-JTA |
| | ) |
| ASK TELEMARKETING, INC., | ) |
| | ) |
| Defendant. | ) |

## STIPULATED ORDER APPROVING FLSA SETTLEMENT

This matter is before the Court on the Parties' submission of the proposed settlement that the Parties reached and memorialized in the Settlement Agreement and Release ("Settlement" or "Agreement"), attached hereto as Exhibit 1.

1. Having reviewed the Parties' Agreement, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Order approving the Settlement, including the proposed Individual General Release Payments, and the proposed attorneys' fees and expense reimbursements to Plaintiff's Counsel, as a fair and reasonable resolution of this lawsuit.

2. The Plaintiffs in this case assert unpaid overtime claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., on behalf of non-exempt customer service representatives employed by Defendant ASK Telemarketing, Inc. (hereinafter, "Defendant").

3. On January 11, 2022, the Named Plaintiffs Natasha Jones, Jonessa Jones and JaKaya Sanders filed this action as a putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The Named Plaintiffs initiated this action on behalf of themselves and all other persons similarly situated, seeking damages for alleged violations of the

FLSA (the "Lawsuit"). *See* ECF No. 1. In general, the Named Plaintiffs claim that they and other employees working as Customer Service Representatives were not properly paid for off-the-clock work. Defendant denies the claims brought in the Lawsuit.

4. On April 25, 2022, Plaintiffs filed a Pre-Discovery Motion for Conditional Certification and Court-Authorized Notice to Potential Opt-in Plaintiffs Pursuant to 29 U.S.C. § 216(b) of the FLSA and supporting brief (the "Certification Motion") (ECF. Nos. 26 and 27). ASK filed an opposition to the Certification Motion and on September 29, 2023, the Court granted the Certification Motion, conditionally certifying a class of putative opt-in plaintiffs consisting of hourly customer service representatives who worked for defendant ASK either remotely from somewhere within the United States or in defendant ASK Telemarketing, Inc.'s Montgomery, Alabama, call center at any time during the three years preceding the initiation of this Lawsuit. (the "Putative Collective Members").

5. The Court authorized Plaintiffs' counsel to send notice of this Lawsuit to the approximately Two Thousand Six Hundred and Eighty-Nine (2,689) putative collective members and established a period for those putative collective members to execute and file consent forms with the Court if they chose to opt-in to this action. Four Hundred and Thirty-Three (433) putative collective members filed consent forms and opted into this action. ("Collective Members").

6. After engaging in informal discovery, the parties agreed to attempt to negotiate resolution of this matter. The Parties engaged in direct negotiations over a period of several weeks.

7. The Agreement, which covers the Named Plaintiffs and the Collective Members, provides that, in consideration of the Total Settlement Amount, the Named Plaintiffs and the Collective Members will release their claims under the FLSA and any applicable state or local wage and hour or related laws and the case will be dismissed with prejudice.

8. In the Eleventh Circuit, FLSA collective action settlement agreements require judicial approval. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). Because the settlement of a FLSA claim has no binding effect on absent class members—it only binds the potential class members who affirmatively opt-in—approval of the Settlement Agreement is governed by FLSA procedures, not the procedure prescribed for class actions. *See Calderone v. Scott*, 838 F.3d 1101, 1102 (11th Cir. 2016) ("The FLSA's § 216(b) requires plaintiffs to 'opt in' to be considered class members. In contrast, a Rule 23(b)(3) class action requires plaintiffs to 'opt out' if they do not wish to be bound by the court's judgment."). "Compromises of disputed claims are favored by the courts." *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910). Indeed, there is a "policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354). "Particularly in class action suits, there is an overriding public interest in favor of settlement." *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977); *see also Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources."). When asked to review and approve the terms of a settlement under the FLSA, there is a "strong presumption" in favor of approval. *Hamilton v. Frito-Lay, Inc.*, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), report and recommendation adopted, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Here, the claim of entitlement to additional wages, and the amount claimed by the Named Plaintiffs and Collective Members is disputed by the Defendant. Additionally, Defendant has contested that Plaintiffs could establish a willful violation of the FLSA and has asserted that a large number of the Collective Members would fall outside either a three-year or a two-year statute of limitations. Defendant has agreed to make payments to these Collective Members to resolve their claims.

9. After reviewing the Settlement Agreement, the Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation and informal discovery. Plaintiff's Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate, and in the best interests of the Named Plaintiffs and the Collective Members. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the Parties' counsel's experience and views.

12. The Court approves the Agreement, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court approves the issuance of the Notice of Collective Action Settlement in accordance with the Agreement. The Court grants approval of the Settlement as to the Named Plaintiffs and all Collective Members.

13. The Court approves the Individual General Release Payments to the Named Plaintiffs in recognition of their general release of all claims against Defendant, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

14. The Court approves the payment of attorneys' fees and expense reimbursement to Plaintiffs' Counsel as provided in the Agreement, as well as the payment to the Settlement Administrator for its services, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

15. Counsel for the Parties are hereby authorized to jointly use all reasonable procedures in connection with approval and administration of the settlement that are not materially

inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice, moderate extensions of time that do not alter effective dates, and minor changes to other exhibits that they jointly agree are reasonable or necessary.

16. The Court retains jurisdiction over the action to enforce the Settlement, including settlement administration, and to later dismiss the case after the settlement payment distribution process has completed.

United States District Judge Emily C. Marks

Stipulated to and Approved as to Form:

Dated: November 1, 2024                                  Respectfully Submitted,

*/s/ Kevin J. Stoops*
Kevin J. Stoops (P64371)
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Telephone: 248-355-0300
kstoops@sommerspc.com

Jesse L. Young (P72614)
SOMMERS SCHWARTZ, P.C.
141 East Michigan Avenue, Suite 600
Kalamazoo, Michigan 49007
Telephone: 269-250-7500
jyoung@sommerspc.com

Eric Sheffer
WIGGINS, CHILDS, PANTAZIS, FISHER
& GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: 205-314-0500
esheffer@wigginschilds.com

*/s/ T. Matthew Miller (w/ consent)*
Charles A. Stewart III (asb-4955-a56c)
Jessica Sparhawk (asb-2002-h86y)
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email: cstewart@bradley.com

T. Matthew Miller (asb-2120-i66t)
Anne Knox Averitt (asb-2668-n76m)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Email: mmiller@bradley.com
aaveritt@bradley.com
*Counsel for Defendant*

5

*Counsel for Plaintiffs and the FLSA Collective*

Case 2:22-cv-00020-ECM-JTA    Document 93    Filed 11/01/24    Page 6 of 6

*Counsel for Plaintiffs and the FLSA Collective*