IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NATASHA JONES, individually and on behalf of all others similarly situated individuals, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL CASE NO. 2:22-cv-20-ECM [WO] |
| ASK TELEMARKETING, INC., | ) ) | |
| Defendant. | ) | |

**ORDER APPROVING SETTLEMENT**

This matter is before the Court on the parties' notice of settlement (doc. 91) and joint proposed stipulated order approving their Fair Labor Standards Act ("FLSA") settlement (doc. 93), which the Court construes as containing a motion for approval of their settlement and a motion for attorneys' fees. After reviewing the Parties' Settlement Agreement and Release ("Settlement" or "Agreement") (doc. 93-1), the joint proposed order (doc. 93), Plaintiffs' memorandum in support of counsel's attorneys' fees and litigation expenses (doc. 95) and attached exhibit (doc. 95-1), and relevant case law, the Court finds that the motion for approval of settlement and motion for attorneys' fees (doc. 93) are due to be GRANTED.

## I.  BACKGROUND

Plaintiffs Natasha Jones and Jonessa Jones (collectively, "Plaintiffs")[1] brought this action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all others similarly situated against Defendant ASK Telemarketing, Inc. ("Defendant") on January 11, 2022. (Doc. 1).  The Plaintiffs allege the Defendant required its employees to perform work before they began their shifts (*id.* at 3),[2] improperly paid overtime work (*id.* at 5), and interrupted lunch breaks with additional, uncompensated work (*id.* at 6).

Since the filing of the suit in 2022, the parties have litigated the case with vigor and the benefit of experienced counsel.  On September 23, 2024, the parties filed a notice of settlement that indicated they "reached an amicable resolution" of the case. (Doc. 91 at 2). Subsequently, on November 1, 2024, the parties filed a proposed stipulated order approving the FLSA settlement and the Agreement. (Doc. 93).  The Court highlights some of the prominent provisions of the Agreement:  (1) the parties agree "to fully settle, compromise, and resolve all claims that were or could have been brought in the Action based on the facts pleaded"; (2) the Defendant agrees to pay a total settlement amount of up to $222,500.00, which includes up to $99,011.00 in attorneys' fees, $7,000.00 in litigation expenses, up to $2,500.00 to the two named Plaintiffs, up to $2,780.00 to the 139 Collective Members[3]

---

[1] The original complaint included a third named plaintiff, Jakaya Sanders, but she dismissed her case and was terminated as a party on April 27, 2022. (Doc. 30).

[2] References to page numbers are to those generated by the Court's CM/ECF electronic filing system.

[3] The parties define "Collective Members" as "the current or former employees of ASK who worked as hourly customer-service representatives in defendant ASK's Montgomery, Alabama call center or remotely at any time during the Collective Period and who executed and timely filed with the Court a consent form to join the Action." (Doc. 93-1 at 3).

whose claims fall outside the statute of limitations period, up to $23,037.00 to the 110 Collective Members whose claims fall between two and three years of the statute of limitations, $77,672.00 to the remaining Collective Members, and up to $8,000.00 to a third party to administer the Settlement; and (3) the parties agree to cooperate to effectuate the terms of the Settlement. (*See* doc. 93-1).  The Settlement continues that "the enforceability of [the Settlement] is not contingent on the amount of attorneys' fees or expenses awarded." (*Id.* at 6).  The parties reached this resolution after a series of arms-length negotiations and agreed the terms of the Agreement were reasonable. (*Id.* at 5, 13).

On May 2, 2025, the Court ordered the Plaintiffs to identify the total cost (attorneys' fees and litigation expenses) incurred in prosecuting this litigation and the reasonableness of these costs. (Doc. 94).  The Plaintiffs responded on May 15, 2025, with a brief and affidavit from one of their counsel outlining the steps taken and costs accrued in pursuit of the litigation. (*See* doc. 95 & doc. 95-1).

## II.  LEGAL STANDARD

"FLSA provisions are mandatory." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).[4]  Its "provisions are not subject to negotiation or bargaining between employer and employee." *Id.* (quoting *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Only two ways exist for the settlement or compromise of an employee FLSA claim:  one is where an employee accepts payment supervised by the Secretary of Labor . . . ; the other is pursuant to a 'stipulated judgment entered by a

---

[4] Here, and elsewhere in this Order, the Court cites nonbinding authority.  While the Court recognizes that these cases are nonprecedential, the Court finds them persuasive.

court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Id.* (quoting *Lynn's Food*, 679 F.2d at 1352–54).

FLSA collective settlement agreements only bind those class members who affirmatively opt in to the settlement. *See Calderone v. Scott*, 838 F.3d 1101, 1102 (11th Cir. 2016) ("The FLSA's § 216(b) requires plaintiffs to 'opt in' to be considered class members.  In contrast, a Rule 23(b)(3) class action requires plaintiffs to 'opt out' if they do not wish to be bound by the court's judgment.").  Generally, the Eleventh Circuit "favor[s] and encourage[s] settlements in order to conserve judicial resources." *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994).

Even though the Eleventh Circuit favors settlements, the "FLSA [still] requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351.  "To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee."  *Id.* at 351–52 (citing *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984)).  "The starting point for determining the amount of a 'reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Bivins v. Wrap it Up, Inc.*, 548 F.3d

4

1348, 1350 (11th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The product of these two figures is the lodestar and there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." *Id.* (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565–66 (1986)).

### III.  DISCUSSION

Upon reviewing all the documents submitted in this case, the Court finds the Settlement reached by the parties is fair and reasonable and the attorneys' fees and litigation expenses sought are similarly reasonable.

**A.    Fairness and Reasonableness of the Settlement**

"In the 'context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations,' any parties to an FLSA settlement must present any proposed settlement to the district court, which 'may enter a stipulated judgment after scrutinizing the settlement for fairness.'" *Richter v. Dolgencorp, Inc.*, 2014 WL 6645542, at *1 (N.D. Ala. Nov. 24, 2014) (quoting *Lynn's Food*, 679 F.2d at 1353).  After careful review of the Settlement through the lens of the guidelines for fairness set forth by the Eleventh Circuit, the Court finds that the Agreement suffices. Specifically, the Court finds that:  the Agreement is fair; it resolves and reflects a reasonable compromise of disputed issues without undermining the FLSA rights of the members; the Agreement comes after an adversarial proceeding between the Plaintiffs and the Defendant in which all parties had competent and experienced counsel; and the terms of the Settlement, taken together, are reasonable. *See generally id.*   Thus, the Court approves the Settlement.

**B.     Attorneys' Fees**

"The FLSA calls for a 'reasonable attorney's fee' to be paid to the prevailing party." *Richter*, 2014 WL 6645542, at *1 (quoting 29 U.S.C. § 216(b)). "Because this Court has approved the settlement, the Plaintiffs[] qualify as prevailing parties who are entitled to attorney's fees." *Id.* (citing *Am. Disability Ass'n v. Chmielarz*, 289 F.3d 1315, 1317 (11th Cir. 2002)). Included in the Settlement is a provision for attorneys' fees to Plaintiffs' counsel. Specifically, the Settlement allots up to $99,011.00 of the total settlement amount for attorneys' fees and up to $7,000.00 in litigation expenses. (Doc. 93-1 at 6). Even though the parties agreed on the maximum amount awarded to the attorneys, the Court maintains the independent responsibility to ensure that the fee sought is "reasonable." *Silva*, 307 F. App'x at 351.

Courts in the Eleventh Circuit use the "lodestar" method to calculate a reasonable attorney's fee. *See Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). The first step requires the Court to determine a reasonable hourly rate. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* The Eleventh Circuit has noted that a district court "is itself an expert on the question [of reasonable hourly rates] and may consider its own knowledge and experience concerning reasonable and proper fees." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1303). In the affidavit attached to its brief in support of attorneys' fees, Plaintiffs' counsel seeks $750.00 an hour for Kevin J. Stoops (twenty-

6

one years of experience); $725.00 an hour for Jesse Young (sixteen years of experience); $400.00 an hour for Alana A. Karbal (seven years of experience), Charles Ash (fifteen years of experience), and T. Kashima (twelve years of experience); and $195.00 an hour for Debbie Nichols and David Quick (paralegals).[5] (Doc. 95-1 at 18–19). Upon consideration of the relevant market—Montgomery, Alabama—the Court finds the rates sought are too high.[6] While the Plaintiffs cited several cases approving similar hourly rates (*see* doc. 95 at 10–11 (citing cases from New York, Colorado, Florida, Massachusetts, and North Carolina)), none of the cases are from the Middle District nor the state of Alabama. Based on the Court's experience and knowledge of the relevant market, the Court finds the appropriate rates are as follows: $550.00 an hour for Stoops and Young; $350.00 an hour for Karbal, Ash, and Kashima; and $150.00 an hour for Nichols and Quick.

The next step of the lodestar method requires the Court to calculate the reasonable number of hours expended. *See Loranger*, 10 F.3d at 781–82. Excluded from these hours are those that "would be unreasonable to bill to a client and therefore to one's adversary *irrespective* of *the skill, reputation or experience of counsel*." *Norman*, 836 F.2d at 1301

---

[5] Plaintiffs also seek $2,730.00 for 9.1 hours of work done by co-counsel Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC, which is an hourly rate of $300.00, but the affidavit does not identify the relevant experience of the attorneys.

[6] In finding the reasonability of the hourly rates, the Court also considered the twelve factors identified in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), which the Eleventh Circuit has recognized still "have utility in establishing the hourly rate." *Norman*, 836 F.2d at 1299. Those factors are: (1) "[t]he time and labor required"; (2) "[t]he novelty and difficulty of the questions"; (3) "[t]he skill requisite to perform the legal services properly"; (4) "[t]he preclusion of other employment by the attorney due to acceptance of the case"; (5) "[t]he customary fee"; (6) "[w]hether the fee is fixed or contingent"; (7) "[t]ime limitations imposed by the client or the circumstances"; (8) "[t]he amount involved and the results obtained"; (9) "[t]he experience, reputation, and ability of the attorneys"; (10) "[t]he 'undesirability' of the case"; (11) "[t]he nature and length of the professional relationship with the client"; and (12) "[a]wards in similar cases." *Johnson*, 488 F.2d at 717–19.

7

(emphasis original). Plaintiffs' counsel claims that "[c]lass counsel has expended 226 hours . . . investigating, litigating, and resolving this case" and will spend additional time "post motion practice to accomplish the actual settlement administration process required to close a collective action case." (Doc. 95 at 5). Considering the duration of the case, the amount of investigation required, and the complexity of the issues, the Court finds that 226 hours is a reasonable number of hours to expend in the pursuit of this litigation. After allocating the number of hours spent among the attorneys and paralegals who worked on the case, Plaintiffs' counsel calculates the lodestar amount as $115,570.50. (*Id.* at 10). With the Court's hourly rates, the total lodestar amount is $92,905.00.

The Court's calculation, however, does not include the additional time that Plaintiffs' counsel will spend during the administration of the Settlement. The record indicates that counsel will incur an additional $5,000.00 to $10,000.00 effectuating the terms of the Settlement. (Doc. 95 at 5–6). Thus, even though the Court finds that the lodestar at the time of this Order is lower than the attorneys' fees noted in the Settlement, the additional hours spent fulfilling the obligations of the Settlement will raise the lodestar above the $99,011.00 agreed to by the parties. With these additional hours factored into the Court's analysis, the Court finds the agreed upon amount reasonable and approves the full $99,011.00.

As for litigation fees, Plaintiffs' counsel represents that they incurred $6,604.46 in expenses during the litigation. (Doc. 95 at 18). This figure is less than the $7,000.00 allocated in the Settlement, and Plaintiffs' counsel provides no explanation for why they should be entitled to the full $7,000.00. Thus, the Court approves the full amount of

8

litigation expenses sought in the briefing—$6,604.46—which appears reasonable considering the duration and complexity of the case.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for approval of the settlement order and motion for attorneys' fees (doc. 93) and adopts the terms of the Agreement attached thereto (doc. 93-1) as modified herein.

A separate final judgment will enter.

DONE this 29th day of May, 2025.

        /s/ Emily C. Marks
        EMILY C. MARKS
        CHIEF UNITED STATES DISTRICT JUDGE